**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **B.T.-1, B.T.-2, K.T., and B.T.-3**

**No. 22-855** (Randolph County CC-42-2022-JA-24, CC-42-2022-JA-25, CC-42-2022-JA-26, and CC-42-2022-JA-27)

**MEMORANDUM DECISION**

Petitioner Father V.T.[1] appeals the Circuit Court of Randolph County's October 19, 2022, order terminating his parental rights to B.T.-1, B.T.-2, K.T., and B.T.-3.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2022, the DHHR filed an abuse and neglect petition against petitioner alleging that the children's needs were not being met. The petition also alleged that petitioner left the children in the care of R.S., the mother of B.T.-2, K.T., and B.T.-3. According to the petition, R.S.'s home lacked adequate food and was sometimes without water and heat. Additionally, the petition alleged that petitioner left the home over a year prior to the petition's filing and that R.S. tried to arrange for petitioner to sign paperwork allowing her to make decisions for B.T.-1, who had no legal guardian other than petitioner, but petitioner was uncooperative. Finally, R.S. reported drug use by petitioner, and the children were alleged to have attendance and behavioral issues at school.

In July 2022, the circuit court held an adjudicatory hearing. A schoolteacher testified to attendance and behavioral issues with B.T.-2, requiring that the child be held back to repeat the school year, and the difficulties she had trying to get in touch with the child's parents. The DHHR worker testified regarding the allegations in the petition, including lack of food and utilities in the home and petitioner moving out and having only sporadic contact with the children. The worker

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Heather M. Weese appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because three of the children share the same initials, we refer to them as B.T.-1, B.T.-2, and B.T.-3, respectively.

1

further testified that he and petitioner discussed completing the paperwork necessary to allow R.S. to make decisions for B.T.-1, but petitioner never appeared for their scheduled meeting or followed up to execute the paperwork. R.S. testified that petitioner had little interaction with the children and, although petitioner would occasionally drop off food or diapers, he did not provide them with any financial assistance or child support. Consequently, the court adjudicated petitioner as an abusing and neglecting parent, citing grounds of abandonment.

The circuit court held two dispositional hearings, one in September 2022 and one in October 2022. At the September hearing, petitioner testified that he was currently participating in a substance abuse rehabilitation program as part of an agreement in his pending criminal case, unrelated to the abuse and neglect proceeding. He further testified he believed rehabilitation was necessary because of his drug use, stating that his last use was as recent as a few weeks prior to the hearing. With regard to an improvement period he successfully completed in a prior case in 2018, petitioner testified that a requirement of that improvement period was to get his suboxone prescription from an in-state provider; however, he testified that he switched back to an out-of-state provider several months after the prior case closed. He further testified that he participated in parenting classes, life skills classes, and supervised visitation during that improvement period in 2018. At the conclusion of the hearing, the court set another hearing date and directed petitioner to register with the call-to-test drug testing program and complete an evaluation with the family treatment court program.

At the October hearing, a representative from the call-to-test program testified that petitioner registered for the program and provided an initial clean sample on September 30, 2022. However, she further testified that he was called to test four other times in October 2022 and only appeared for one screen, which was positive for methamphetamine, amphetamine, and fentanyl. Petitioner then testified that he left the substance abuse rehabilitation program on September 29, 2022, without completing the program. He denied using methamphetamine, amphetamine, and fentanyl but admitted to using marijuana earlier in the week. He further testified that he recently got a full-time food service job, was living with his father, and would reenter a rehabilitation program if needed, though he did not believe it was necessary.

Based on the evidence, the circuit court found there was no reasonable likelihood that the conditions of abuse and/or neglect could be substantially corrected in the near future and denied petitioner's motion for a post-adjudicatory improvement period. In making this determination, the court also noted that the "failure of the previously exhausted services and improvement period to make lasting changes for [petitioner] is concerning." Citing the need for stability, the court found that termination of petitioner's rights was in the children's best interest. Consequently, the court terminated petitioner's parental rights by order entered on October 19, 2022.[3] It is from this dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred by

---

[3]All other parents' parental rights have been terminated. The permanency plan for all four children is adoption in their current placements.

2

denying his motion for a post-adjudicatory improvement period and terminating his parental rights. According to petitioner, he demonstrated evidence of his likelihood to successfully complete an improvement period by obtaining employment, obtaining housing by living with his father, and indicating a willingness to reenter drug rehabilitation. However, the record contains numerous examples of petitioner's noncompliance with drug testing, continued drug use, limited contact with the children, and failure to coordinate with the DHHR throughout this case. Further, petitioner left a rehabilitation program just weeks before the final dispositional hearing and made no efforts to seek out any other treatment, testifying that he would reenter drug rehabilitation "if [he] had to." As we have explained, a circuit court has discretion to deny a post-adjudicatory improvement period "when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Based on this evidence, we find no abuse of this discretion.

Further, we find no error in the termination of petitioner's parental rights. We have previously held that a circuit court is permitted to terminate parental rights, without the use of other less restrictive alternatives, "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristen Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court correctly found, the evidence demonstrated there was no reasonable likelihood that petitioner could substantially correct the conditions at issue because he refused to comply with rehabilitative services. *See* W. Va. Code § 49-4-604(d)(3). Because the court had ample evidence upon which to base the findings necessary for termination, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 19, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn